UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:16-97-1 |
| | § | CRIMINAL NO. 6:17-17-1(S) |
| ANDREW ALEXANDER GUERRERO, | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Andrew Alexander Guerrero's Emergency Motion for Compassionate Release Reduction in Sentence for Individuals Who Are at Risk of COVID-19 Virus, which he has filed in both of his criminal cases before the Court. 6:16-CR-97-1, D.E. 246; 6:17-CR-17-1(S), D.E. 127.

**I. BACKGROUND**

In 2017, Defendant pled guilty to conspiracy to transport undocumented aliens in Case No. 6:16-CR-97-1 and to hostage taking in Case No. 6:17-CR-17-1(S). He was sentenced to 120 months' imprisonment on the alien transporting charge and to 168 months on the hostage taking charge, to run concurrently. Defendant has served roughly 53 months (32%) of his sentence and has a projected release date of February 14, 2029. He now moves the Court for compassionate release because he fears contracting COVID-19 while in prison.

**II. LEGAL STANDARD**

Defendant moves to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a

1

> > failure of the Bureau of Prisons to bring a motion on the defendant's behalf or *the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,* whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > > (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

**III. ANALYSIS**

Defendant is 29 years old and has served less than one third of his sentence. He claims that he suffers from high blood pressure, a cyst on his left kidney, and a deviated septum, which affects his breathing; however, he has provided no medical records to support his claim that he has been diagnosed with one or more medical conditions that make him particularly vulnerable to severe illness or death should he contract COVID-19.[1] Moreover, the BOP has not determined any other extraordinary and compelling reason exists to support Defendant's release, nor has it certified that Defendant poses no danger to the community, that he is at no substantial risk of engaging in criminal conduct if released, or that his release to home detention will result in a substantial net reduction of costs to the Federal Government. Finally, the Request for Administrative Remedy that Defendant filed with the Warden of FMC–Fort Worth is dated May 12, 2020—one day before he filed his current motion under 18 U.S.C. § 3582(c). It is therefore apparent that at least 30 days have not lapsed since Defendant filed his request with the warden.

"Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citing *United States v. Licciardello*, 2020 WL 1942787 (S.D. Tex. Apr. 22, 2020); *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020)). *See also, e.g.*, *United States v. Reeves*, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020). ("While the Court is well aware of the effects the Covid-19 pandemic . . . , §

---

1. According to the Centers for Disease Control and Prevention, "older adults and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19." *See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?* These conditions include: chronic lung disease; moderate to severe asthma; serious heart conditions; severe obesity; diabetes; chronic kidney disease; and liver disease. Also at a higher risk are people who are immunocompromised due to cancer treatment; smoking; bone marrow or organ transplantation; immune deficiencies; poorly controlled HIV or AIDS; and prolonged use of corticosteroids and other immune weakening medications. *Id.*

3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *United States v. Clark*, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (denying motion for compassionate release based on fears of contracting COVID-19 in prison where defendant conceded he had not exhausted administrative remedies).

Because Movant has failed to wait for 30 days to lapse from the filing of his petition with the warden or otherwise comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release (6:16-CR-97-1, D.E. 246; 6:17-CR-17-1(S), D.E. 127) is **DENIED**.

It is so **ORDERED** this 15th day of June, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

5